**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-21106
Summary Calendar

JEANNENE MEINECKE,

Plaintiff-Appellant,

versus

H & R BLOCK OF HOUSTON, a general
partnership; ADMINISTAFF,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-19)

May 29, 1996

Before POLITZ, Chief Judge, JONES and WIENER, Circuit Judges.

PER CURIAM:[*]

Jeannene Meinecke sued H&R Block and Administaff, her former employers, alleging age and sex discrimination and breach of contract. On March 13, 1994 the parties filed a stipulation declaring that all claims against Administaff and the breach of contract claims against H&R Block would be dismissed voluntarily.[1] Several days later, however, the district court granted the defendants summary judgment and dismissed all of Meinecke's claims with

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] Fed.R.Civ.P. 41(a)(1)(ii).

prejudice.

On direct appeal we reversed the grant of summary judgment as to those claims included in the antecedent voluntary dismissal,[2] remanding with instructions that the district court "reform the judgment to reflect the dismissal of all claims against Administaff and the breach of contract claims against H&R Block."[3] On November 22, 1995 the district court entered the following Amended Final Judgment:

> Pursuant to the judgment and mandate of the Court of Appeals, this court dismisses all claims against Administaff and the breach of contract claims against H&R Block.
> This is a FINAL JUDGMENT.

Meinecke now appeals, contending that the inclusion of the phrase "This is a FINAL JUDGMENT" is a departure from this court's mandate insofar as it obscures whether the judgment is with or without prejudice. This argument is specious. The district court's "Amended Final Judgment" is correctly termed a "final judgment" because it ends the instant litigation. What Meinecke in fact seeks, but may not secure through the medium of this appeal, is an advisory opinion concerning the judgment's preclusive effect in the event she refiles the voluntarily dismissed claims.[4]

Appeal DISMISSED.

---

[2]**Meinecke v. H&R Block of Houston**, 66 F.3d 77 (5th Cir. 1995).

[3]**Id.** at 84.

[4]We would merely note that our prior opinion observed that the claims subsequently included in the amended judgment were dismissed pursuant to Fed.R.Civ.P. 41(a)(1)(ii). This rule provides in pertinent part:

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.